## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DOTCOM DISTRIBUTION CORP.,

              Plaintiff,

      vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA and THE
PHOENIX INSURANCE COMPANY,

              Defendants.

Civil Action No.: 2:20-cv-17871 (CCC) (MF)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DOTCOM DISTRIBUTION CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**FLASTER/GREENBERG PC**
Arthur R. Armstrong, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Tel: (856) 661-1900
Fax: (856) 661-1919
arthur.armstrong@flastergreenberg.com

Nicole A. Josephy, Esq. (Pro Hac)
FLASTER/GREENBERG PC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508
Email: nicole.josephy@flastergreenberg.com

*Attorneys for Plaintiff Dotcom Distribution Corp.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS AND PROCEDURAL HISTORY ....................................................................................................................... 2

    A.    The Policy ...................................................................................... 2

    B.    The Underlying Action .................................................................. 3

    C.    The Present Action ........................................................................ 8

ARGUMENT ................................................................................................................. 9

    I.    Legal Standard .............................................................................. 9

    II.    Travelers Breached Its Duty to Defend Dotcom Against the Adore Me Demand and the Adore Me Action. ............................... 10

    III.    Dotcom Is a "Successful Claimant" under New Jersey Court Rule 4:42-9(a)(6). ............................................................................... 14

CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alexander v. Nat. Fire Ins. of Hartford,*
    454 F.3d 214 (3d Cir. 2006).................................................................15

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)..........................................................................9

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)..........................................................................9

*First Bank P.R. v. Misite,*
    813 F. App'x 758 (3d Cir. 2020) ........................................................9

*Macfarlan v. Ivy Hill SNF, LLC,*
    675 F.3d 266 (3d Cir. 2012).................................................................9

*Mahmoud v. City of Paterson,*
    611 F. App'x 95 (3d Cir. 2015) ..........................................................9

*NL Industries v. Commercial Union Ins.,*
    828 F.Supp. 1154 (D.N.J. 1993) .......................................................14

**STATE CASES**

*Abouzaid v. Mansard Gardens Assocs.,*
    LLC, 207 N.J. 67, 23 A.3d 338 (2011) ......................................10, 13

*Danek v. Hommer,*
    28 N.J. Super. 68, 100 A.2d 198 (App.Div.1953), *aff'd,* 324 15 N.J. 573, 105
    A.2d 677 (1954) ................................................................................10

*Flomerfelt v. Cardiello,*
    202 N.J. 432, 997 A.2d 991 (2010).....................................................10

*Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.,*
    207 N.J. 428, 25 A.3d 1027 (2011).................................................10, 12

*Molyneaux v. Molyneaux,*
    230 N.J. Super. 169 (App. Div. 1989) .........................................14, 16

*Occhifinto v. Olivo Constr. Co. LLC,*
    221 N.J. 443, 114 A.3d 333 (2015).....................................................14

*S.T. Hudson Engineers, Inc. v. Pennsylvania Nat. Mut. Cas. Co.,*
    388 N.J.Super. 592, 909 A.2d 1156 (App.Div. 2006) .......................10, 14, 15, 16

**STATE STATUTES**

*FSA § 6.3*...................................................................................................................7

N.J.S.A. 56:8-2................................................................................................................8

**RULES**

Fed. R. Civ. P. 56(a) ......................................................................................................9

N.J. Ct. R. 4:42-9(a)(6) ..............................................................8, 9, 13, 14, 15, 16, 17

8625132 v1

## PRELIMINARY STATEMENT

Plaintiff Dotcom Distribution Corp. ("Dotcom") submits this brief in support of its motion for partial summary judgment against Travelers Property Casualty Company of America and The Phoenix Insurance Company (collectively, "Travelers"). Travelers breached its contract of insurance by refusing to provide a defense on behalf of its insured, Dotcom, with respect to certain claims made against it by Adore Me, Inc. ("Adore Me"). Travelers refused to defend Dotcom after Dotcom received a demand for payment for damaged goods from Adore Me, and Travelers continued its refusal to defend Dotcom after Adore Me commenced an arbitration action against Dotcom (the "Adore Me Action"). Travelers even refused to enter into a tolling agreement with Dotcom, when Dotcom was forced to choose whether to commence a coverage action against Travelers or lose its rights forever under a suit limitation clause contained in the subject insurance policy. Thus, Dotcom was forced to file this action after Travelers maintained its refusal to defend Dotcom despite specific allegations made by Adore Me that clearly triggered coverage under the Policy. Indeed, only after Dotcom commenced suit did Travelers appoint defense counsel to Dotcom, after having wrongfully denied coverage for over a year. The matter is ripe for partial summary judgment because the underlying facts are not in dispute and the insurance coverage issues turn on the proper interpretation of the Policy.

As detailed herein, the allegations leveled against Dotcom in the Adore Me Action plainly triggered Travelers' duty to defend. Thus, Travelers' refusal to provide Dotcom with a defense is a breach of its contractual obligations under the Policy. This Court should grant Dotcom's motion for partial summary judgment and hold that Travelers breached its obligation to defend its policyholder and that the failure to timely provide a defense constitutes a breach of contract. There is no genuine dispute of material fact with respect to Dotcom's claim for Breach of Contract (Count I) or Declaratory Judgment (Count IV) as to Travelers' duty to defend, thereby entitling Dotcom

to judgment as a matter of law.  Accordingly, Dotcom respectfully requests that the Court grant

partial summary judgment in favor of Dotcom's as to liability on Count I and IV of the Complaint.

Dotcom also respectfully requests summary judgment in the form of a ruling that Dotcom is a

"successful claimant" under N.J. Ct. R. 4:42-9(a)(6) and any fee award made pursuant to Rule

4:42-9 may include fees incurred through the date a final judgment is entered.

## STATEMENT OF UNDISPUTED MATERIAL FACTS AND PROCEDURAL HISTORY

### A.  The Policy

Dotcom is a third-party logistics specialist based in New Jersey that receives, fulfills and

ships orders from its warehouse for online vendors.[1]  SUMF ¶ 1. From 2012 to 2019, Travelers

sold insurance policies to Dotcom, including but not limited to: Policy No. QT6600511B104TIL12

(4/18/2012 to 4/18/2013); Policy No. QT6600511B104TIL13 (4/18/2013 to 4/18/2014); Policy

No. QT6600511B104TIL14 (4/1/2014 to 4/1/2015); Policy No. QT6600511B104TIL15 (4/1/2015

to 4/1/2016); Policy No. QT6600511B104TIL16 (4/1/2016 to 4/1/2017); and Policy No. P-660-

3J396446-PHX-18 (4/1/18 to 4/1/19) (each individually a "Policy," and collectively with each and

every other policy Travelers sold to Dotcom since 2012, the "Policies"). SUMF ¶ 2.

Travelers agreed to "pay those sums that you become legally obligated to pay as damages

as a warehouse operator for direct physical loss or to damage to Covered Property from any of the

Covered Causes of Loss." SUMF ¶ 3. "Covered Causes of Loss" is defined in the Policy as "your

liability for DIRECT PHYSICAL LOSS OR DAMAGE to Covered Property except those causes

of loss listed in the Exclusions." SUMF ¶ 4. "Covered Property" is defined in the Policy as

"property of others that you have accepted under a warehouse receipt or a written contract for

storage within any 'warehouse' shown in the Declarations." Dotcom's Warehouses are shown on

---

[1] SUMF" refers to Dotcom's Statement of Undisputed Material Facts, which is being filed
herewith.

the Declarations. SUMF ¶ 5. The Policy confirms Travelers has "the right and duty to defend you against any 'suit' seeking such damages." SUMF ¶ 6.

The Policy defines a "suit" to mean a "civil proceeding in which damages because of loss of or damage to Covered Property to which this insurance applies are alleged[.]" SUMF ¶ 7. The definition of "suit" specifically includes "[a]n arbitration proceeding in which such damages are claimed and to which you must submit[.]" SUMF ¶ 8. The Policy requires Travelers to "defend [Dotcom] against any 'suit' seeking such damages." SUMF ¶ 9.

### B. The Underlying Action

On November 9, 2018, Adore Me, Inc. ("Adore Me") sent a letter to Dotcom, asserting it had been harmed by Dotcom in various ways (the "Adore Me Letter"). SUMF ¶ 10. Relevant to the instant matter, the Adore Me Letter alleged, *inter alia*, "DotCom has failed to reimburse Adore Me for all items lost or damaged resulting from its errors in receiving and shipping …[f]or example, a significant amount of Adore Me's inventory was 'scrapped' because it was stained or dirty….and there was evidence that forklifts had destroyed cartons containing numerous products. DotCom's failure to keep the inventory sufficiently organized...also caused products to be lost or damaged." SUMF ¶ 11.

Dotcom timely gave notice of the Adore Me Letter to Travelers in February 2019. SUMF ¶ 14. Travelers' internal records reveal that upon receiving the notice of claim from Dotcom, Travelers recognized that the Adore Me letter alleged that Dotcom had caused property loss and damage, the claim fell within the Travelers policy period and the claim triggered the insuring agreement under the Travelers policy. SUMF ¶ 15. For example, on February 18, 2019, the Travelers claims handler assigned to Dotcom's claim, Mark Roark, made the following entry in his official claims notes: "***Adore Me sent Dot Com a letter recently claiming that Dot***

*Com…damaged or loss [sic] some of the stored inventory*." SUMF ¶ 16. (emphasis added).

Moreover, Mr. Roark confirmed that lost or damaged products were covered under the Policy and

that he conveyed as much to Dotcom's CFO, Rob Ferraioli; Mr. Roark's claim notes state:

"*Discussed with Rob that only the lost or damaged product would be covered as direct physical*

*loss on the warehouse policy*." *See id.*

     Mr. Roark also confirmed that the Adore Me allegations of loss fell within the Travelers'

policy period.[2] SUMF ¶ 17. Mr. Roark made the following entry in the Travelers' claim notes:

> Travelers Property Casualty of America is the insuring company. *The date of loss*
> *is within the effective dates of the policy*….
>
> *Id.* (emphasis added).

     Mr. Roark went on to confirm that the Travelers policy applied and the insuring agreement

thereunder was met by Dotcom's claim. *See id.* According to Mr. Roark's entry in the claim notes:

"the applicable form is the Warehouse Legal Liability form…[and] **The insuring agreement is**

**met** as Dot Com performed 3PL warehouse operations under written contract to Adore Me…."

(Emphasis added). *See id*.

     Mr. Roark again confirmed that the Adore Me letter includes allegations of direct physical

loss, noting that because other allegations were outside the Travelers coverage, a reservation of

rights letter – which insurance companies use to preserve their rights while *defending* their insured

- as to those other claims would be appropriate:

> *There is some direct physical loss claimed in the notice letter*, but most claimed is
> for Breach of Contract for failure to perform contracted business operations and

---

[2] Travelers sold Dotcom insurance policies covering at least from April 2012 through April 2019.
SUMF ¶ 2. The Adore Me Letter makes clear that the allegations span most or all of the Travelers
policy periods, generally alleging Dotcom's "misrepresentations and repeated failures to fulfill its
contractual obligations" for contracts and amendments dated March 11, 2013, November 15, 2015,
March 31, 2017, October 16, 2017 and December 17, 2017. SUMF ¶ 12.

would not be covered. ***An ROR on the latter will be needed if Adore Me continues to press the claim.***

*See id.* (emphasis added).

Despite the Adore Me letter clearly triggering coverage under the Travelers Policy and Travelers' internal notes acknowledging as much in February 2019, Travelers failed to accept coverage or appoint defense counsel to Dotcom at that time or in the months that followed. SUMF ¶ 18. Indeed, Travelers failed to communicate a coverage position at all. *Id.* at ¶ 19.

With no other choice, Dotcom sought to resolve the Adore Me dispute on its own and with the participation of its other insurers (whose coverage was triggered by the Adore Me claims that fell outside the Travelers policy, as referenced by Mr. Roark in his claim notes. *See* SUMF ¶ 17. *Id.* at ¶ 20. In an effort to resolve the matter, Dotcom and Adore Me participated in mediation on June 18, 2019. *Id.* at ¶ 21. Dotcom as well as defense attorneys appointed by two of Dotcom's other insurance companies attended the mediation along with representatives of Adore Me. *Id.* Travelers had still not issued a coverage determination at that point, more than five months after receiving notice. *Id.* at ¶ 22. Travelers did not attend or otherwise participate in the mediation. *Id.* In order to attempt to bridge the gap between the parties at the mediation, Dotcom offered to waive hundreds of thousands of dollars in accounts receivable owed by Adore Me, together with the contributions from its insurers who did participate in the mediation. Id. at ¶ 23. Nevertheless, the mediation was unsuccessful, but the parties subsequently continued to engage in settlement negotiations. *Id.* at ¶ 24.

At the same time, Dotcom continued to seek coverage from and the participation of Travelers in the Adore Me action, as Travelers had yet to even provide its coverage position. *Id.* at ¶ 25. By letter dated October 21, 2019 from Travelers' claims handler Mark Roark, Travelers denied defense and indemnity coverage under the Policies for the Adore Me claims. *Id.* at ¶ 26.

Thus, eight months after receiving the claim, wherein Dotcom had received a demand from Adore Me that clearly alleged Dotcom caused property damage or loss within the Travelers Policy Period, and Travelers own internal analysis confirmed as much, Travelers denied the claim outright, refusing to even appoint defense counsel under a reservation of rights. *Id.* at ¶ 27.   Incredibly, Travelers's purported basis for denial was that Adore Me had not alleged any direct physical loss or damage and none of Adore Me's allegations fell within the Travelers policy period, along with various other references to boilerplate, inapplicable exclusions. *Id.* at ¶ 28.   In it's letter, Travelers stated the following:

- "None of the assertions claimed to have occurred in the Adore November 9, 2018 letter occurred during the policy periods when the Travelers policies were in effect.
- The policies issued by Travelers require Direct Physical Loss to Covered Property.  None of the claims asserted by Adore are for Direct Physical Loss.
- Most of Adore's claims are Excluded under Exclusions 2. a, l. and m. quoted above."

    *Id.* at ¶ 29.

Travelers's denial was plainly improper. Tellingly, Travelers's denial letter references certain headings from the Adore Me Letter in an attempt to support its conclusion that no coverage exists, but omits the most relevant heading that reads "***DotCom Lost and/or Damaged Adore Me's Inventory***" – precisely the type of claim the Policies expressly cover. *Id.* at ¶ 30.  That section of the Adore Me Letter, quoted *supra*, explicitly asserts physical damage to the merchandise Dotcom contracted with Adore Me to manage and store. *Id.* at ¶ 31.  Among other things, Adore Me alleges that "inventory was 'scrapped' because it was stained or dirty" and that "forklifts had destroyed cartons containing numerous products." *Id.* at ¶ 32. These are clearly allegations of "direct physical loss or damage" that trigger the Travelers Policies. Equally confounding was Travelers's assertion that none of the damage alleged by Adore Me occurred during the Travelers policy periods. *Id.* at

6

¶ 29. As noted above, the allegations fell squarely within the Travelers policy period, and Mr. Roark affirmatively stated "the date of loss is within the effective dates of the policy." *Id.* at ¶ 17.

As the Adore Me dispute had still not resolved, on October 22, 2019, Adore Me filed a formal Demand for Arbitration against Dotcom (the "Arbitration Demand*").* *Id.* at ¶ 32. The Arbitration demand further set forth the claims of physical damage (with one section even being entitled "Dotcom Lost And/Or Damaged Adore Me's Inventory"). *Id.* Through the Arbitration Demand, Adore Me averred, *inter alia*:

> ***Dotcom Lost And/Or Damaged Adore Me's Inventory In Breach Of FSA Section 6.3***
>
> 47. Dotcom has failed to reimburse Adore Me for items lost or damaged resulting from its errors in receiving and shipping as well as Dotcom' employees' and agents' actions, in violation of FSA Section 6.3, which required that Dotcom assume all risk of physical loss/damage to Adore Me's inventory during the shipping process.
>
> 48. Regular reviews of Dotcom's warehouse consistently revealed that the storage conditions of Adore Me's inventory were unacceptable. In fact, some products were stored without the required protective polybags, litter was found mixed in with inventory on multiple occasions, and there was evidence that forklifts had destroyed cartons containing numerous products.
>
> 49. As a result, a significant amount of Adore Me's inventory had to be discarded because it was ruined.
>
> *Id. at ¶ 33.*

The Adore Me arbitration is a "suit" under the Policies. *Id.* at ¶ 34. On November 12, 2019, Dotcom provided notice of the Adore Me Demand for Arbitration to Travelers and requested that Travelers immediately reconsider its denial and assume its duty to defend. *Id.* at ¶ 35. Travelers ignored Dotcom's letter and did not reconsider its coverage position, continuing its refusal to defend Dotcom. *Id.* at ¶ 36.

Shortly thereafter, Dotcom proposed to Travelers that the parties enter into a tolling agreement so as to avoid litigation. *Id.* at ¶ 37. The Travelers policy under which Dotcom's claim was made included a "suit limitation" provision that effectively shortened the statute of limitations. *Id.* at ¶ 38. Thus, if Dotcom did not commence an action against Travelers within the suit limitation period set forth in the Travelers policy, Dotcom would be forever barred from bringing a claim for Travelers wrongful denial. *Id.* at ¶ 39. However, Travelers rejected Dotcom's tolling agreement proposal, leaving Dotcom no choice but to commence the instant action. *Id.* at ¶ 40.

### C. The Present Action

On November 2, 2020, Dotcom filed a Complaint against Travelers, asserting claims for: Breach of Contract (Count I), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II), Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 (Count III), and Declaratory Judgment (Count IV). SUMF ¶ 41. Damages sought in the Complaint include actual, compensatory, and consequential damages, attorneys' fees pursuant to New Jersey Rule 4:42-9(a)(6) and other applicable New Jersey law, costs, pre-judgment and post-judgment interest, extra-contractual damages, and punitive damages. *Id.* at ¶ 42. As the Adore Me action was still underway at the time Dotcom commenced this action, Dotcom sought damages both for Travelers breach of its duty to defend as well as its refusal to indemnify Dotcom for any judgment or settlement amounts that may ultimately be paid to Adore Me. *Id.* at ¶ 43. Only after being sued did Travelers finally agree to defend Dotcom against the claims made by Adore Me, approximately a year and a half after such claims were first made, and over a year after the Adore Me Arbitration had been commenced. *Id.* at ¶ 44. By letter dated December 8, 2020, Travelers agreed to defend Dotcom. *Id.* at ¶ 45.

At present, the Adore Me action has been settled and there is no longer uncertainty as to whether a judgment may be entered or the amount Adore Me would accept as settlement. SUMF ¶ 46. Travelers contributed to the settlement and the issue of whether indemnity is owed under the policy is now moot. *See id.* The only remaining issues in the case relate to whether Travelers breached its duty to defend under the Policy and the amount of damages to be awarded to Dotcom accordingly.  Through this motion, Dotcom seeks partial summary judgment as to the following issues only: (1) Judgment as to Liability on Count I (Breach of Contract) and Count IV (Declaratory Judgment) because Travelers breached its duty to defend; (2) a ruling that Dotcom is a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6) and any fee award made pursuant to Rule 4:42-9 may include fees incurred through the date a final judgment is entered.  For the reasons more fully set forth below, Dotcom respectfully requests the Court answer each of these questions in the affirmative and enter partial summary judgment in favor of Dotcom accordingly.

## ARGUMENT

### I.    Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court determines whether there is no genuine dispute of material fact, and therefore whether the moving party is entitled to judgment as a matter of law, by considering the record of the case, including "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012).  A genuine dispute of material fact only exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *First Bank P.R. v. Misite*, 813 F. App'x 758, 762 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

8625132 v1

The moving party may satisfy its burden either through evidence showing the absence of a genuine dispute of material fact or by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Mahmoud v. City of Paterson*, 611 F. App'x 95, 97 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

## II.     Travelers Breached Its Duty to Defend Dotcom Against the Adore Me Demand and the Adore Me Action.

In this case, Travelers violated its contractual duty to defend.  New Jersey law is well settled that "the duty to defend is triggered by the filing of a complaint alleging a covered claim." *Abouzaid v. Mansard Gardens Assocs.*, LLC, 207 N.J. 67, 79, 23 A.3d 338, 346 (2011).  The duty is triggered when the complaint against the insured "states a claim constituting a risk insured against." *S.T. Hudson Engineers, Inc. v. Pennsylvania Nat. Mut. Cas. Co.*, 388 N.J.Super. 592, 909 A.2d 1156 (App.Div. 2006).  As observed by the Supreme Court of New Jersey, "if the complaint comprehends an injury which may be within the policy, a duty to defend will be found. In other words, potentially coverable claims require a defense." *Abouzaid v. Mansard Gardens Assocs.*, LLC, 207 N.J. 67, 80, 23 A.3d 338, 346 (2011) (quotations and citations omitted).  When multiple alternative causes of action are stated, the duty will continue until every covered claim is eliminated and the wording of the complaint need not be articulate. *Voorhee*s, 128 N.J. at 174.

"Essential to any evaluation of a claim that an insurer has a duty to defend is a comparison of the factual allegations in the complaint with the coverage language of the policy." *Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.,* 207 N.J. 428, 453, 25 A.3d 1027, 1042 (2011) (citing *Voorhees*, 128 N.J. at 173 (holding that insurer's duty to defend is triggered by allegations in complaint)); *see also Flomerfelt v. Cardiello*, 202 N.J. 432, 444, 997 A.2d 991 (2010) (explaining that insurer's duty to defend depends on comparing complaint and insurance policy); *Danek v. Hommer*, 28 N.J. Super. 68, 77, 100 A.2d 198 (App.Div.1953) (holding that "complaint should be

laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment"), *aff'd*, 324 15 N.J. 573, 105 A.2d 677 (1954).

The Travelers Policies impose on Travelers the "duty to defend" Dotcom against claims for monetary damages based on alleged "direct physical loss of or damage to Covered Property." SUMF ¶ at ¶ 6-9. The Adore Me products stored in Dotcom's warehouse are indisputably "Covered Property." *Id.* at ¶ 5. As set forth above, the Adore Me Letter explicitly asserts physical damage to the merchandise Dotcom contracted with Adore Me to manage and store. *Id.* at ¶ 30. Among other things, Adore Me alleges that "inventory was 'scrapped' because it was stained or dirty" and that "forklifts had destroyed cartons containing numerous products." *Id.* at ¶ 31. These are clearly allegations of "direct physical loss or damage" that trigger the Travelers Policies.

Even a cursory review of the Adore Me Letter makes clear that the allegations span most or all of the Travelers policy periods, generally alleging Dotcom's "misrepresentations and repeated failures to fulfill its contractual obligations" for contracts and amendments dated March 11, 2013, November 15, 2015, March 31, 2017, October 16, 2017 and December 17, 2017.  *Id.* at ¶ 12. Further, the Arbitration Demand filed against Dotcom on October 22, 2019, set forth the claims of physical damage, including a section literally entitled "Dotcom Lost And/Or Damaged Adore Me's Inventory. *Id.* at ¶ 32. The Arbitration Demand is a "suit" under the Policies. *Id.* at ¶ 34. The allegations in the Arbitration Demand clearly and unequivocally alleged physical damage, which triggers the Travelers Policies.

Of course, Travelers own internal notes confirm that Travelers understood the claim was covered or, at a minimum, at least triggered a duty to defend subject to a reservation of rights letter. *Id.* at ¶ 16. Through the claim notes, Mark Roark unequivocally admitted:

- o The Adore Me letter alleged Dotcom lost or damaged its products ("Adore Me sent Dot Com a letter recently claiming that Dot Com…damaged or loss [sic] some of the stored inventory." *Id.* at ¶ 16-17 "There is some direct physical loss claimed in the notice letter…*id.*)

- o The lost or damaged products were covered as direct physical loss under the Policy ("Discussed with Rob that only the lost or damaged product would be covered as direct physical loss on the warehouse policy." *Id.)*

- o The Adore Me allegations of loss/damage fell within the Travelers' policy period ("The date of loss is within the effective dates of the policy…." *Id.)*

- o The Travelers Policy applied to the loss ("the applicable form is the Warehouse Legal Liability form…" *Id.)*

- o The claim met the insuring agreement under the Policy ("The insuring agreement is met as Dot Com performed 3PL warehouse operations under written contract to Adore Me…." *Id.)*

- o Travelers would need to send a reservation of rights letter to Dotcom related to other claims in the case that were not covered ("There is some direct physical loss claimed in the notice letter, but most claimed is for Breach of Contract for failure to perform contracted business operations and would not be covered. An ROR on the latter will be needed if Adore Me continues to press the claim." *Id.)*

In light of the above, there can be no reasonable dispute that Travelers had a duty to defend Dotcom against the Adore Me letter and the Adore Me Action. Importantly, because Travelers' duty to defend was determined based upon "a comparison of the factual allegations in the complaint with the coverage language of the policy" and not the actual facts, it is no defense for Travelers to suggest that it first needed to somehow investigate the underlying facts or that the duty to defend did not apply because of facts outside of the Adore Me Demand. *Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.,* 207 N.J. 428, 453, 25 A.3d 1027, 1042 (2011). Indeed, such actual facts regarding the underlying case are irrelevant to whether a duty to defend is triggered in the first instance:

> the potential merit of the claim is immaterial: the duty to defend is not abrogated by the fact that the cause of action stated cannot be maintained against the insured either in law or in fact--in other

> words, because the cause is groundless, false or fraudulent.
> Moreover, the duty to defend remains even if the asserted claims are
> poorly developed and almost sure to fail.

*Abouzaid v. Mansard Gardens Assocs.*, LLC, 207 N.J. 67, 81, 23 A.3d 338, 347 (2011) (internal

citations and quotations omitted).

In light of the allegations plainly triggering Travelers' duty to defend under the policy,

coupled with its own admissions in its claim notes, Travelers' refusal to defend Dotcom is a clear

breach of its obligations under the Policy.  As a result of Travelers' breach of contract, Dotcom

was forced to incur the time, effort and expense of facing a mediation and an arbitration against

Adore Me without defense counsel appointed to defend against the claims covered under the

Travelers Policy. SUMF ¶ 47. Travelers' wrongful refusal to recognize its duty to defend also

forced Dotcom to retain coverage counsel to pursue Travelers for coverage under the policy,

including the commencement of the above-captioned action, which fees are recoverable damages

pursuant to New Jersey Court Rule 4:42-9(a)(6).  *Id.* While Dotcom had defense counsel appointed

by its other insurers, namely CNA and RSA, which did recognize their duty to defend Dotcom

without the need for coverage litigation, such insurers and their appointed counsel were focused

on the damages sought by Adore Me, which were covered under CNA's and RSA's respective

policies – not the damages covered by the Travelers policy. *Id.* at ¶ 48.  As each appointed counsel

was forced to defend the entirety of the case because Travelers had not appointed defense counsel,

Dotcom's policy limits under the CNA and RSA policies were needlessly reduced by defense costs

that otherwise would have been borne by Travelers.[3]  *Id.* at ¶ 49.   According to RSA and CNA,

---

[3] Notably, the Travelers policy provides that the "duty to defend ends when [Travelers] have used up the applicable Limit of Insurance in the payment of judgment or settlement." *Id.* at ¶ 9. Such a policy is sometimes referred to as a "defense outside of limits" policy because the defense costs do not reduce the policy limit available to pay a judgment or settlement (or which would be available to apply to a separate claim). *Id.*

the amount of such defense costs properly attributable to Travelers totaled approximately $204,000 ($124,000 in fees paid by RSA and $60,000 in fees paid by CNA) at the time of the settlement of the Adore Me action. *Id.* at ¶ 50.  Additionally, because Travelers did not participate in the initial settlement negotiations, Dotcom was essentially forced to agree to include forgiveness of an approximately $266,000 account receivable in order to reach a settlement counteroffer figure that could reasonably be expected to advance settlement negotiations. *Id.* at ¶ 51.  In any event, there is no question that Dotcom was harmed by Travelers breach of its obligation to defend Dotcom upon receipt of first the Adore Me letter and subsequent receipt of the Adore Me demand.

## III.    Dotcom Is a "Successful Claimant" under New Jersey Court Rule 4:42-9(a)(6).

Pursuant to New Jersey Court Rule 4:42-9(a)(6), attorneys' fees are allowable "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." The Third Circuit has applied this rule in insurance disputes before the court based on diversity jurisdiction. *NL Industries v. Commercial Union Ins.,* 828 F.Supp. 1154, 1167 (D.N.J. 1993).  Moreover, the award of attorneys' fees is available even where the insurer's refusal to provide coverage is based upon a good faith belief that coverage is precluded. *Id.* The purpose of Rule 4:42-9(a)(6) is to "provide an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured is in fact entitled to such protection." *Id.* (quoting *Molyneaux v. Molyneaux*, 230 N.J. Super. 169, 181 (App. Div. 1989)).

A successful claimant has been defined as one who succeeds on any significant issue which achieves some benefit. Thus even where there is no obligation to indemnify because the insured prevailed on a liability claim and the insurer defended under a reservation of rights, the confirmation of the insurer's duty to defend was sufficient to obtain counsel fees for that effort under N.J. Ct. R. 4:42-9(a)(6). *See Occhifinto v. Olivo Constr. Co. LLC*, 221 N.J. 443, 114 A.3d 333 (2015).

In *S.T. Hudson Engineers, Inc. v. Pennsylvania Nat. Mut. Cas. Co.*, 388 N.J.Super. 592, 909 A.2d 1156 (App.Div. 2006), the insureds filed a declaratory-judgment action against their CGL insurer, which denied coverage-defense and indemnity. Eight months after the insureds filed a declaratory-judgment action, the insurer (conditionally) agreed to pay defense costs and later settled the action on behalf of its insureds. *Id.* After settlement of the underlying action, the Court in the declaratory-judgment action found that the insured was owed a defense. *Id.* The insureds then sought reimbursement of $391,555.56 in attorneys' fees in litigating the declaratory-judgment action, arguing that they were "successful claimants" on the liability-insurance policy, which entitled them to reimbursement of counsel fees under R. 4:42-9. *Id.* The insurer argued that its payment of settlement on behalf of its insureds meant that its insureds were not "successful claimants" in the declaratory-judgment action. *Id.*

The court in *S.T. Hudson* ultimately held that the insurer had a duty to defend its insureds in the underlying action and that it had wrongfully denied a defense; the insureds were therefore "successful claimants" entitled to recovery of attorneys' fees under Rule 4:42-9(a)(6) incurred in (1) defending the underlying case, and (2) prosecuting the declaratory-judgment action, even though its insurer had settled the underlying case. *See also Aclexander v. Nat. Fire Ins. of Hartford*, 454 F.3d 214 (3d Cir. 2006) (holding insurer liable for reimbursement of insured's defense costs following wrongful refusal to defend, after underlying case had settled). As in *S.T. Hudson*, Travelers only agreed to defend Dotcom after the declaratory-judgment action was filed and Travelers' contributed to the settlement of the underlying action. 388 N.J.Super. 592, 909 A.2d 1156 (App.Div. 2006).

Nevertheless, in this litigation Travelers has argued that a successful claimant under Rule N.J. Ct. R. 4:42-9(a)(6) which had to sue its insurer for breach of contract would have its fees "cut

off" if such insurer decided to appoint defense counsel during the pendency of the coverage litigation. The upshot of Travelers' asserted position is that a "successful claimant" that had to sue its insurance company should dismiss the litigation and forgo the fees that had been incurred in pursuing coverage. Travelers' argument finds no support in the case law and is clearly contrary to the plain terms of Rule N.J. Ct. R. 4:42-9(a)(6), which provides no such limitation. Indeed the entire purpose of the Rule is to "provide an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured is in fact entitled to such protection." *Id.* (quoting *Molyneaux v. Molyneaux*, 230 N.J. Super. 169, 181 (App. Div. 1989)). The result suggested by Travelers is completely at odds with such purpose.

New Jersey law is clear that in addition to expenses incurred to defend a third party action, attorney's fees incurred by an insured in a declaratory judgment action to determine the existence of coverage may be awarded. *S.T. Hudson Engineers, Inc. v. Pennsylvania Nat. Mut. Cas. Co*., 388 N.J.Super. 592, 909 A.2d 1156 (App.Div. 2006). Therefore, Dotcom seeks a ruling that it has demonstrated it is a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6) and to the extent the Court awards attorney's fees and costs in this case, it is not limited as Travelers has suggested. Rather, any fee award made pursuant to Rule 4:42-9 may include fees incurred through the date a final judgment is entered against Travelers. As such, the Court should grant summary judgment in Dotcom's favor ruling that Dotcom is a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6) and any fee award made pursuant to Rule 4:42-9 may include fees incurred through the date a final judgment is entered.

## CONCLUSION

For the foregoing reasons, Dotcom respectfully requests that the Court grant partial summary judgment in its favor as to the following issues only: (1) Judgment as to Liability on Count I (Breach of Contract) and Count IV (Declaratory Judgment) because Travelers breached

8625132 v1

its duty to defend; and (2) a ruling that Dotcom is a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6) and any fee award made pursuant to Rule 4:42-9 may include fees incurred through the date a final judgment is entered.

Dated: November 23, 2021

Respectfully submitted,

**FLASTER/GREENBERG PC**

*/s/ Arthur R. Armstrong*
Arthur R. Armstrong
FLASTER/GREENBERG PC
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel.: 215-587-5608
Email: arthur.armstrong@flastergreenberg.com

Nicole A. Josephy, Esq. (Pro Hac)
FLASTER/GREENBERG PC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508
Email: nicole.josephy@flastergreenberg.com

*Attorneys for Plaintiff, Dotcom Distribution Corp.*

17