# FINAZZO COSSOLINI O'LEARY
# MEOLA & HAGER, LLC

Counselors at Law

**Rachel R. Hager, Esq.**
rachel.hager@finazzolaw.com
Direct Dial: (973) 343-4965

67 East Park Place, Suite 901
Morristown, NJ 07960
Main (973) 343-4960
Fax (973) 343-4970
www.finazzolaw.com

<u>New York Office</u>
5 Penn Plaza, 23rd Fl
New York, NY 10001
Main (646) 378-2033
Fax (646) 378-2001

December 7, 2021

<u>VIA ECF</u>
Honorable André M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Courthouse
50 Walnut Street
Room 2037, Courtroom 2D
Newark, New Jersey 07102

Re: <u>Dotcom Distribution Corp. v. Travelers Property Cas. Co, of America, et al.</u>
<u>Civil Action No.:  2:20-cv-17871-CCC-AME</u>

Dear Judge Espinosa:

This Firm represents Defendants Travelers Property Casualty Company of America and The Phoenix Insurance Company (collectively "Travelers" or "Defendants"), in the referenced matter. We write to respond to Plaintiff Dotcom Distribution Corporation's ("Dotcom" or "Plaintiff") December 3, 2021 letter to Your Honor requesting both a dispositive motion pre-hearing conference and direct permission to file a Motion for Partial Summary Judgment against Defendants.

Pursuant to the operative Pretrial Scheduling Order ("PSO") (Dkt. No. 15) in this matter, "[a]ll dispositive motions must first be subject to a dispositive motion pre-hearing." Accordingly, unless Your Honor intends to deny Plaintiff's request to file a dispositive motion at this early juncture, Defendants respectfully ask that Your Honor treat Plaintiff's correspondence as strictly a request under the PSO for a dispositive motion pre-hearing.

In essence, Plaintiff's December 3, 2021 letter is a single-spaced version of its proposed Summary Judgment Motion ("PSJM") attached to its letter as Exhibit A. In the interests of efficiency and brevity, Defendants will not respond with a line by line rebuttal of every point made in Plaintiff's letter. Rather, for purposes of this response only, Defendants have selectively focused on the premature nature of Plaintiff's application.

Plaintiff's entire PSJM is premised on the idea that its breach of contract and declaratory judgment claims can be decided based upon an examination of the underlying arbitration

Honorable André M. Espinosa, U.S.M.J.
December 7, 2021
Page **2** of **2**

Complaint and the Policy.  But it is Defendants' position that a dispositive motion is premature because there are facts in dispute that require discovery. Discovery in this matter is still in the written discovery stage.  Defendants have been attempting for months to conclude the meet and confer process with Plaintiff to address the deficiencies in Plaintiff's written discovery responses and its document production, which continues to the present date.[1]  Defendants complied with their discovery obligations and provided to Plaintiff the non-privileged portions of Defendants' claim file relating to this matter, including the claim notes.  Plaintiff has now cited to portions of those claim notes in support of its PSJM, without providing proper context to the Court.  Indeed, Plaintiff has not yet even taken the deposition of the claim adjuster who authored the notes in issue.  In sum, there are facts in dispute in this litigation, and any dispositive motion before fact discovery is complete would be premature.

To this end, it is important to note that the PSJM is missing any certification, declaration or affidavit supporting Plaintiff's allegations. Plaintiff's original improperly filed partial summary judgment motion (Dkt. Nos. 32-34) contained a longer Statement of Undisputed Material Facts supported by the Declaration of Maria Haggerty, Dotcom's CEO. Plaintiff undoubtedly removed the declaration because in correspondence from the undersigned office demanding that Plaintiff withdraw its improperly filed motion, Defendants pointed out that Plaintiff's motion was clearly premature as it relied on a declaration of an individual who Defendants have noticed for deposition, but whose deposition has not yet occurred.  Indeed, to date, Defendants have noticed five de0positions, none of which have occurred due, in large part, to Plaintiff's incomplete written discovery responses.

Finally, the portion of the PSJM asking the Court to rule that Dotcom is a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6) is also premature.  Determining whether a litigant is a "successful claimant" requires knowledge of the damages the litigant has been awarded. Defendants have made an offer of settlement to plaintiff, and unless Plaintiff succeeds in obtaining a judgment in an amount greater than the offer of settlement, it is not a "successful claimant" under N.J. Ct. R. 4:42-9(a)(6). *See Enright v. Lubow*, 215 N.J. Super. 306 (App. Div. 1987).  Plaintiff makes it clear in its PSJM that it is not seeking any judgment on damages with its dispositive motion and that the PSJM "is limited to issues related to liability."  Accordingly, the PSJM is premature on this issue as well.

Thank you for Your Honor's consideration of this letter response. Unless the Court summarily denies Plaintiff's letter request, Defendants look forward to discussing the matter further during the pre-motion hearing conference.

Respectfully submitted,

*/s/ Rachel R. Hager*

RACHEL R. HAGER

---

[1] The parties will be having another meet and confer conference shortly to make a last attempt to resolve various discovery issues.  We intend to submit to Your Honor a joint status letter shortly that will include a request for a 90-day extension of the fact discovery period and will explain any unresolved discovery related issues.